UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

A.G. EDWARDS & SONS, INC., a
Delaware Corporation,,

           Plaintiff,

vs.                                  Case No. 2:07-cv-570-FtM-29DNF

TERRENCE J. MCCREANOR, WILLIAM E.
COEN, STEPHEN D. MACKO, and JOHN P.
STOLLMEYER, individuals,,

           Defendant.
_____

**OPINION AND ORDER**

    This matter comes before the Court on Plaintiff A.G. Edwards & Sons, Inc.'s ("A.G. Edwards") Motion for a Temporary Restraining Order and For a Preliminary Injunction and an Order Permitting Expedited Discovery (Doc. #2) filed on September 7, 2007. Defendants filed a Response (Doc. #15) on September 10, 2007.

    A temporary restraining order will be issued only if plaintiff demonstrates (1) the likelihood of success on the merits of the claim; (2) the irreparable nature of the threatened injury and the reason that notice cannot be given; (3) the potential harm that might be caused to the opposing parties or other if the order is issued; and (4) the public interest at stake, if any. See Local Rules, 4.05(b)(4).

    Upon due and careful consideration of the Complaint (Doc. #1), the Motion for a Temporary Restraining Order and For a Preliminary Injunction (Doc. #2), defendants' Response, and the supporting

Declarations (Doc. ## 3, 10-2, 16), the Court hereby finds as follows:

    1.   Under Section 13804 of the National Association of Securities Dealers Code of Arbitration Procedure, and the authority of the holding in <u>American Express Fin. Advisors v. Makarawicz</u>, 122 F.3d 936 (11th Cir. 1997), A.G. Edwards has the express right to seek and obtain temporary injunctive relief from a court of competent jurisdiction pending an arbitration hearing.

    2.   A.G. Edwards and defendants' new employer Morgan Stanley & Co. ("Morgan Stanley") are signatories to the Protocol For Broker Recruiting, which states in relevant part:

> When [Registered Representatives/brokers] move from one firm to another and both firms are signatories to this protocol, they may take only the following account information when moving from one firm to another: client name, address, phone number, email address and account title of the clients that they serviced while at the firm ("the Client Information") and are prohibited from taking any other documents or information.

(Doc. #15-2, pp. 3, 6, 7.)

    3.   There is cause to believe that the rights of A.G. Edwards with respect to its property, proprietary and confidential information, competitive interests, and employment contracts with defendants Terrence J. McCreanor, William E. Coen, Stephen D. Macko, and John P. Stollmeyer are being and may continue to be violated by defendants unless said defendants are restrained in the manner set forth herein.

4.   Plaintiff A.G. Edwards will suffer irreparable harm and loss if defendants are permitted to: (a) convert property of A.G. Edwards to their own personal use and benefit, and that of their new employer, Morgan Stanley, and (b) solicit A.G. Edwards clients to transfer their business to a competitor firm, utilizing misappropriated information if defendants are not immediately enjoined without further notice or hearing.

5.   Plaintiff A.G. Edwards has no adequate remedy at law.

6.   Greater injury will be inflicted upon plaintiff A.G. Edwards by the denial of temporary injunctive relief than would be inflicted upon defendants by the granting of such relief.

Accordingly, and upon due deliberation, it is hereby

**ORDERED AND DECREED THAT:**

1.   Plaintiff's Emergency Motion for Temporary Restraining Order is **GRANTED** and is effective as of **5:00 PM** this 11th day of September, 2007.  Plaintiff shall post security with the Clerk of this Court in the amount of $10,000.00 no later than the 13th day of September, 2007.

2.   Defendants be immediately enjoined and restrained, directly and indirectly, whether individually or in concert with others, including any officer, agent, employee, and/or representative of Morgan Stanley, until hearing and thereafter until further Order of this Court, from doing any of the following:

(a) Violating any terms of the Protocol For Broker Recruiting;

(b) Using, disclosing, or transmitting for any purpose, including solicitation of current A.G. Edwards' clients, the information contained in the records of A.G. Edwards or concerning its clients, excluding client names, addresses, phone numbers, email addresses and account titles; and

(c) Destroying, erasing, or otherwise making unavailable for further proceedings in this matter, or in any arbitration proceeding between the parties, any records or documents (including data or information maintained in computer media) in defendants' possession or control which were obtained from or contain information derived from any A.G. Edwards records, which pertain to A.G. Edwards clients whom defendants served or whose names became known to defendants while employed by A.G. Edwards, or which relate to any of the events alleged in the Complaint in this action.

3. Defendants, and anyone acting in concert or participation with them, specifically including defendants' counsel and any agent, employee, officer or representative of Morgan Stanley, are further ordered to return to A.G. Edwards's counsel any and all records, documents and/or other types of information pertaining to A.G. Edwards customers ("Customer Information")(excluding any documents that only contain the client name, address, phone number, email address, and account title) whether in original, copied, handwritten, computerized (including computer software, disks,

computer hard drive and/or any other type of computer or digital information storage device) or memorialized in any other form, within forty-eight (48) hours of notice to defendants or their counsel of the terms of this Order.

4. In accordance with F<small>ED</small>. R. C<small>IV</small>. P. 65(b), this Order shall remain in full force and effect until 5:00 PM September 21, 2007, at which time it shall expire by its terms unless extended by this Court upon good cause shown, by consent of the parties, or by entry of a subsequent preliminary injunction by this Court pending a Rule 13804 hearing before the NASD.

5. Pending the preliminary injunction hearing before this Court, and pursuant to Rule 13804(b) of the National Association of Securities Dealers Code of Arbitration Procedure, the parties are directed to proceed expeditiously with arbitration.

6. Counsel for the parties shall appear before the undersigned for a hearing on the motion for preliminary injunction on **September 18, 2007** at **10:00 AM**, at the U.S. Courthouse & Federal Building, **Courtroom A, Sixth Floor**, 2110 First Street, Fort Myers, Florida.

Accordingly, it is now

**ORDERED**:

1. Plaintiff's Motion for a Temporary Restraining Order (Doc. #2) is **GRANTED to the extent set forth above.**

2.   Plaintiff's Motion for Preliminary Injunction (Doc. #2) is **taken under advisement** pending the hearing.

3.   Plaintiff's Motion for Expedited Discovery (Doc. #2) is **DENIED** without prejudice, because plaintiff failed to identify the nature of the discovery sought or the basis for the motion.

**DONE AND ORDERED** at Fort Myers, Florida, this   11th   day of September, 2007.

*/s/ John E. Steele*
JOHN E. STEELE
United States District Judge

Copies:
Counsel of record